BARNES, appellant, v. BARRUS.

*Promissory note — indorser — notice.*

The indorser of a promissory note received this notice: "The note given to Sarah E. Barnes by George B. Hutchins for $100, dated the 24th day of May, 1866, is this day due; that if the note is not paid by Hutchins, she (Mrs. Barnes) will hold you for the note." *Held*, not sufficient to charge the indorser.

APPEAL from a judgment for defendant on the report of a referee. The facts appear in the opinion.

*W. A. Poucher*, for appellant.

*A. R. Willey*, for respondent.

TALCOTT, J. This action is brought to charge the defendant as the indorser of a promissory note for $100, made by one George B. Hutchins. The notice claimed to have been given to the indorser, and as found by the referee, is as follows:

"The note given to Sarah E. Barnes by George B. Hutchins for $100, dated the 24th day of May, 1866, is this day due; that, if the note is not paid by Hutchins, she (Mrs. Barnes) will hold you for the note.

(Signed)                              B. N. HINMAN."

Sundry objections are made to the form of this notice, and to its sufficiency. It is sufficient, however, to say that it contains no intimation that the note had been presented for payment and dishonored. The most latitudinarian doctrines on the subject of the sufficiency of notice of dishonor to charge an indorser will not excuse the omission of the information in some form, that the note has been presented for payment and payment has been refused. This information is the very gist and object of the notice. The referee was, therefore, right in holding that the notice was insufficient to charge the defendant as indorser, and the judgment is affirmed.

*Judgment affirmed.*